UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE FERGUSON; PERRY SANDBERG; MOBILE FLEET SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THOMPSON ET AL., <br><br> Defendants. | CASE NO. 23-cv-1685 <br><br> ORDER TO SHOW CAUSE |

## 1. INTRODUCTION

Pro se Plaintiffs Lee Ferguson, Perry Sandberg, and Mobile Fleet Services, LLC, were granted leave to proceed in forma pauperis on November 8, 2023. Dkt. No. 6. United States Magistrate Judge Brian A. Tsuchida recommended reviewing the sufficiency of Plaintiffs' complaint, so the Court reviews this matter under 28 U.S.C. § 1915(e)(2)(B), and for the reasons stated below, orders Plaintiffs to show cause why their case should not be dismissed.

## 2. BACKGROUND

The relevant facts, as alleged by Plaintiffs, can be summarized as follows: on or about August 28, 2020, individuals came onto Ferguson's property and removed a

ORDER TO SHOW CAUSE - 1

vessel without paying for services he rendered through his company, Mobile Fleet. When Sandberg called 911, Marysville police officers did not stop the individuals from removing the vessel from Ferguson's possession, despite him explaining to Marysville Officer J. Thompson there were liens against the vessel for work Ferguson completed. When Ferguson tried to stop the individuals from removing the vessel, Officer J. Thompson ordered Ferguson to move his vehicle out of their way. Dkt. No. 11 at 15. Plaintiffs allege dispatchers and the responding police officers violated their rights on August 28, 2020—the day the individuals removed the vessel from Mobile Fleet. Plaintiffs argue the City of Marysville's policies contributed to the violations of Plaintiffs' rights.

### 3. ANALYSIS

"Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). But under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. The Court does not believe Plaintiffs are able to maintain the causes of action alleged because the statute of limitations has passed or because they fail to state a claim upon which relief can be granted.

Plaintiffs allege the incidents in their complaint occurred on or before August 28, 2020, and they filed their initial complaint more than three years later, on November 11, 2023. Dkt. No. 1. Thus, claims in their First Amended Complaint,

filed December 14, 2023, Dkt. No. 11, are time barred under the applicable statute of limitations.

First, Plaintiffs allege a Section 1983 claim against the City of Marysville, J. Thompson, and the "Doe" officers, but the statute of limitations for Section 1983 claims is three years. *Dunn v. City of Seattle*, 420 F. Supp. 3d 1148, 1156 (W.D. Wash. 2019) ("Because 42 U.S.C. § 1983 does not contain a statute of limitations, the court applies Washington's statute of limitations for personal injury actions . . . to [Plaintiff's] Section 1983 claims") (citing RCW 4.16.080(2) (three-year statute of limitations for personal injury claims). Thus, Plaintiffs' 1983 claim was filed two and a half months too late.

Second, Plaintiffs allege claims for assault, battery, and false imprisonment against the City of Marysville under a respondeat superior theory. Dkt. No. 11 at 20-21. Plaintiffs also allege false imprisonment against officer J. Thompson and "Doe" officers, as well as assault and battery against J. Thompson. *Id.* at 22-23. These claims, however, carry a two-year statute of limitations, and thus expired over a year *before* Plaintiffs filed their complaint. *See* RCW 4.16.100.

Third, Plaintiffs allege nuisance and trespass against J. Thompson, but a cause of action for nuisance must be brought within two years. *Wallace v. Lewis Cnty.*, 137 P.3d 101, 110 (Wash. Ct. App. 2006), *as corrected* (Aug. 15, 2006) (citing RCW 4.16.130) ("Plaintiffs have two years from the time a nuisance action accrues to file a lawsuit."); *see also Mayer v. City of Seattle*, 10 P.3d 408, 413 (Wash. Ct. App. 2000). And an action for trespass must be brought within three years. *See* RCW

4.18.080. Thus, these claims expired on August 28, 2022, and August 28, 2023, respectively.

Fourth, Plaintiffs allege "Unlawful Summons of Law Enforcement, under RCW 4.24.345 (Unlawfully summoning a law enforcement officer) against "Jane Doe Dispatcher." Dkt. No. 11 at 22. Neither this statute, nor Washington's statute for the limitation of actions, RCW 4.16 *et seq.*, include a statute of limitations for this action. Therefore, under RCW 4.16.130, the action "shall be commenced within two years after the cause of action shall have accrued," and passed on August 28, 2022.

Next, Plaintiffs allege officer J. Thompson violated their rights protected by the Washington State Constitution. *Id.* at 22-23. But Washington does not have a cause of action analogous to Section 1983, and "Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations 'without the aid of augmentative legislation[.]'" *Blinka v. Wash. State Bar Ass'n*, 36 P.3d 1094, 1102 (Wash. Ct. App. 2001) (quoting *Sys. Amusement, Inc. v. State*, 500 P.2d 1253 (Wash. Ct. App. 1972)). Plaintiffs have therefore failed to state a claim under this cause of action.

Finally, the Court has concerns about Mobile Fleet's representation in this matter since a corporation may only appear in Federal Court through counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.") (citation omitted). Unless they are attorneys, Ferguson nor Sandberg may represent plaintiff corporation Mobile Fleet. *See Church of the New Testament v. United*

*States*, 783 F.2d 771, 773 (9th Cir. 1986). Thus, even if Plaintiffs had stated a claim, it appears Mobile Fleet must be dismissed because it may not proceed pro se and neither Ferguson nor Sandberg may represent it.

## 4. ORDER TO SHOW CAUSE

Accordingly, Plaintiffs' complaint fails to state any claim and Mobile Fleet may not proceed here without counsel. To avoid dismissal, Plaintiffs must provide a written response within 21 days of entry of this order, limited to 5 pages, about why their complaint should not be dismissed.

Dated this 17th day of May, 2024.

Jamal N. Whitehead
United States District Judge