UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE FERGUSON; PERRY SANDBERG; MOBILE FLEET SERVICES, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>THOMPSON ET AL.,<br><br>　　　　　　Defendants. | CASE NO. 23-cv-1685<br><br>ORDER DISMISSING CASE |

This matter comes before the Court on Plaintiffs' response to the Court's Order to Show Cause. Dkt. Nos. 14, 16. The Court reviewed Plaintiffs' complaint under 28 U.S.C. § 1915(e)(2)(B) and identified specific issues with their claims, including the statutes of limitation for their Section 1983, assault, battery, false imprisonment, nuisance, trespass, and unlawful summons claims; the failure to state a claim for a breach of Washington's constitution under state law; and concerns about the unlawful practice of law if Plaintiff Lee Ferguson—a non-lawyer—purports to represent Mobile Fleet Services, LLC, a corporation. *See* Dkt. No. 14. Plaintiffs' response to the Court's Order was due by June 7, 2024. *Id.*

ORDER DISMISSING CASE - 1

Plaintiffs filed two documents on June 8, 2024, one day after the Court's June 7th deadline, but neither resolve the deficiencies identified by the Court. First, Plaintiffs filed a reply to the Court's order that included a motion for additional time to respond, but their filing fails to address the issues raised in the Court's order. *See* Dkt. No. 16. Instead, Plaintiffs raise myriad non-responsive issues, like their desire for legal counsel, the poor quality of their legal filings to date, their ignorance of the law, the reason for their late response, among other things. *See id.* at 2-5.

Second, Plaintiffs also move for the appointment of counsel. Dkt. No. 15. Plaintiffs argue Plaintiff Ferguson may be eligible to receive counsel through the "Wash. Veterans Department." *Id.* at 2. Plaintiffs refer to their separately pending case, *Ferguson et al. v. M/V The Porn Star,* 2:23-cv-01338-JNW, and their admiralty claim in that action. *See id.* Plaintiffs' motion is generally difficult to understand, but in addition to the points above, Plaintiffs explain that they have struggled to obtain counsel and they intersperse arguments about the merits of this case and the related 2:23-cv-01338-JNW. The Court previously denied Plaintiffs' request for appointed counsel in the related case.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. As outlined in the Court's order to show cause, Plaintiffs' case must be dismissed, and their response gives the Court no cause to conclude differently. *See* Dkt. No. 14. Indeed, even if Plaintiffs were given more time to obtain counsel, an

attorney could not revive Plaintiffs' time-barred claims. Moreover, Plaintiffs' complaint fails to state any claim upon which relief can be granted and their alleged facts demonstrate that their claims cannot be saved, with or without counsel.

Plaintiffs' case is thus DISMISSED with prejudice.

It is so ORDERED.

Dated this 11th day of June, 2024.

Jamal N. Whitehead
United States District Judge