UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE FERGUSON; PERRY SANDBERG,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>J. THOMPSON, JOHN DOE SUPERVISOR, JANE DOE DISPATCHER, JOHN DOE DEPUTY, DOES 3-10, CITY OF MARYSVILLE,<br><br>　　　　　　　　Defendants. | CASE NO. 2:23-cv-01685<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS AND RESOLVING REFERRAL AT DKT. NO. 23 |

The Ninth Circuit has asked this Court to review the in forma pauperis ("IFP") status of Plaintiffs Lee Ferguson and Perry Sandberg, Dkt. No. 23. Having reviewed the Ninth Circuit's referral, the record, and the law governing Plaintiffs' claims, the Court is fully informed. The Court REVOKES Plaintiffs' IFP status for the reasons below.

Ferguson runs a repair shop called Mobile Fleet Service Repair and Welding. Dkt. No. 11 at 5. Plaintiffs allege that on August 28, 2020, several non-party individuals stole a vessel from Ferguson in a "fake repossession." Dkt. No. 7 at 2,

ORDER - 1

11. Plaintiffs allege that Ferguson called 911, but when Marysville Police Officers arrived, the officers helped the individuals take the vessel, violating Plaintiffs' rights in the process. *See* Dkt. No. 11 at 15. Plaintiffs claim that the City of Marysville's policies contributed to the violation.

The Court granted IFP status on November 8, 2023, and Plaintiffs filed a complaint against the City of Marysville, Marysville Police Officer J. Thompson, and several other Marysville agents (Doe defendants). Dkt. Nos. 6, 7. Plaintiffs did not serve the complaint. *See generally* Dkt. in Case No. 2:23-cv-01685-JNW. On December 14, 2023, Plaintiffs filed an amended complaint but never served it. *See id.*; Dkt. No. 11. The amended complaint alleges violations of Plaintiffs' constitutional rights under Section 1983, as well as several Washington state law claims. *See* Dkt. No. 11 at 17–28.

On May 17, 2024, the Court reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B) and found that Plaintiffs' claims were time-barred; thus, the amended complaint failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 14 at 2–5. The Court ordered Plaintiffs to show cause as to why their complaint should not be dismissed for failure to state a claim. *Id.* at 5. Plaintiffs responded to the Court's order, but they failed to address or cure the identified deficiencies. *See* Dkt. Nos. 15–17. Accordingly, the Court dismissed the complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 17 at 3.

Plaintiffs filed a notice of appeal on July 11, 2024, requesting the opportunity to file another amended complaint. Dkt. No. 18 at 2. The language in the notice is somewhat confusing; it is unclear whether Plaintiffs seek relief from the Ninth

ORDER - 2

Circuit on appeal, or whether they want this Court to reconsider its order of dismissal. Their notice states:

> The basis of this motion . . . is a pendant request to reconsider the order of dismissal and since it is not a judgement or one entered in the docket, appellants find it inappropriate to request this via [Fed. R. Civ. P. 60] and in this rule's computation of time using rule 59. There is no judgment in this action, so stated.
>
> Appellant's request for reconsideration since there is no technical motion for reconsideration under federal law, is in consideration of an proposed amended complaint with further detail more closely aligned with what a court of law would expect from full time admiralty or civil rights specialization.

Dkt. No. 18 at 2.

A litigant will lose IFP status on appeal if their appeal is frivolous or taken in bad faith. 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

First, to the extent that Plaintiffs request relief from *this* Court through their appeal, the appeal has no basis in law. "The general rule is that once a notice of appeal has been filed[,] the district court is divested of jurisdiction over the matters being appealed." *United States v. Phelps*, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002); *see also* Fed. R. Civ. P. 62.1. Because Plaintiffs appealed this Court's order of dismissal, this Court lacks authority to reconsider it.

Next, to the extent that Plaintiffs' appeal challenges the Court's dismissal, the appeal is frivolous. When the factual allegations in a complaint affirmatively show that a plaintiff's claims are time-barred, that complaint fails to state a claim under Rule 12(b)(6). *See ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004

ORDER - 3

(9th Cir. 2014); *Williams v. Just*, No. 2:15-cv-2143 WBS-CKD-P, 2016 WL 740531, at 2–3 (E.D. Cal. Feb. 25, 2016) (time-barred claims dismissed under 28 U.S.C. §1915(g) and IFP status revoked); *see also* Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (4th ed.) (updated July 12, 2024) ("Because Rule 9(f) makes allegations of time material, the inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.").

Plaintiffs allege that the wrongful conduct occurred on August 28, 2020. Dkt. No. 11 at 8. The Court walked through each of the applicable statutes of limitations triggered by Plaintiffs' allegations and found that each of Plaintiffs' claims was untimely based on the date of the incident provided by Plaintiffs. *See* Dkt. No. 14 at 3–4. When the Court ordered Plaintiffs to explain why their claims were not time-barred, Plaintiffs did not. *See* Dkt. Nos. 15–16, 17 at 2.

The Court notes that Plaintiffs submitted their initial complaint as an attachment to their motion to proceed in forma pauperis, which they filed on November 3, 2023. But even if the Court were to consider that date as the filing date— rather than November 8—Plaintiffs' claims still would have been time barred, as all their claims expired by August 28, 2023. *See* Dkt. No. 14 at 2–4. Thus, any appeal of the Court's decision to dismiss Plaintiffs' claims on a Section 1915 review as time-barred under the applicable statutes of limitations "lacks an arguable basis" in law and fact. *See Neitzke*, 490 U.S. at 325.

The Court also dismissed Plaintiffs' claim alleging Defendants violated the Washington State Constitution. Dkt. No. 14 at 4. As the Court explained in its Order to Show Cause, neither federal nor Washington law provides a cause of action

ORDER - 4

for violations of the Washington State Constitution. *Id.* (citing *Blinka v. Wash. State Bar Ass'n*, 36 P.3d 1094, 1102 (Wash. Ct. App. 2001)). Because the claim does not exist, any appeal of its dismissal would be baseless.

Lastly, to the extent that the appeal challenges the Court's decision to deny leave to amend, the appeal is frivolous. *See id.* "Leave to amend may be denied if a court determines that 'allegation of other facts consistent with the [complaint] could not possibly cure the deficiency.'" *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). Also, the court may deny leave to amend where previous amendments and supplemental briefing have failed to cure or explain the defect. *Abagninin*, 545 F.3d at 742 (dismissing complaint with prejudice, finding that discovery proffered in supplemental briefing would not cure defect).

No factual allegations could have saved Plaintiffs' alleged claim for violations of the Washington State Constitution, as no such claim exists. Thus, any attempt to amend the complaint to better support that claim would have been futile.

Similarly, Plaintiffs were not entitled to amend their complaint again to try to avoid the applicable statutes of limitations. Plaintiffs affirmatively pled that the wrongful conduct occurred on or before August 28, 2020. Dkt. No. 11 at 8 (providing date of incident), 20 (discussing Marysville Police Department policies implemented before incident). And Plaintiffs did not plead facts suggesting that their claims might fall under an exception to the applicable statutes of limitations. *See generally* Dkt. No. 11. Moreover, when the Court ordered Plaintiffs to explain and cure this

deficiency, Plaintiffs failed to do so. Accordingly, amendment was futile. The Court acted well within its discretion to dismiss the amended complaint with prejudice, and there is no factual or legal basis to conclude otherwise. *See Neitzke*, 490 U.S. at 325.

For the reasons above, the Court finds that Plaintiffs' appeal is frivolous and ORDERS that Plaintiffs' IFP status be REVOKED under 28 U.S.C. § 1915(a)(3), resolving the Ninth Circuit's Referral at Dkt. No. 23.

Dated this 14th day of August, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 6